**JASON D. LAMM # 018454**
**6245 North 24th Pkwy, Ste. 208**
**Phoenix, AZ 85016-2030**
**Telephone: (602) 222-9237**
**Facsimile: (602) 222-2299**
**Email: jlamm@cyberlawaz.com**
**Attorney for Defendant GILL**

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **United States of America**, | ) | 4:18-cr-01589-RCC-LCK |
| Plaintiff, | ) ) | **DEFENDANT'S SENTENCING MEMORANDUM** |
| vs. | ) ) | |
| **Joseph Michael Gill**, | ) ) | |
| Defendant | ) | |

It is, indeed, a rare day indeed when a career federal law enforcement officer appears before this Court to be sentenced as a defendant. These isolated occurrences often deal with on-the-job corruption or some other form of a direct abuse of the defendant's position of trust or authority.

This case, however, represents the exception to the exception. In contrast to other law enforcement officers who come before the Court, the Defendant herein, Joseph Gill, received a DEA Exceptional Performance Award, a DEA Administrator's Award, and the Santa Cruz County Public Safety Officer of the Year Award, and is not being sentenced for an act of moral turpitude, but rather a regulatory offense.

1

For the reasons set forth herein, in addition to those set forth in the Presentence Investigation Report (PSR) (Doc. 18), it is respectfully submitted that the probation office's recommendation that the Defendant be placed on five years of probation is well taken and should be adopted by this Court.

**ANALYSIS**

For the reasons discussed herein, based upon not only the factors set forth in 18 U.S.C. §3553(a), as well as the equitable interests of justice, a term of probation is sufficient but not greater than necessary in this case.

1. <u>Nature and Circumstances of the Offense</u>

Defendant generally agrees with the Statement of Facts set forth in the PSR at ¶¶ 3 through 16.

The PSR is silent, however, to the fact that the Defendant admits and acknowledges that he had reason to believe that the individual(s) to whom he sold the rifles intended to use or dispose of the firearms unlawfully insofar as their willingness to pay a price that was above-market level was a "red flag" to the Defendant of which he should have been aware and recognized.

Defendant's crime is therefore, one of willful ignorance rather than one that is the product of substantial reflection and consideration before its commission.

2. <u>The Recommended Sentence is Appropriate</u>

*a. History and Characteristics of the Defendant*

As has already been stated, Defendant had a model career in law enforcement, not only as a Special Agent, but also as a Supervisory Special Agent. While the present case will leave an indelible stain on the final chapter of the Defendant's career in law enforcement, the defense would be remiss not to point out his accomplishments in that field prior to the filing of this case.

Put another way, it is the defense's hope that the Court will recognize that, notwithstanding the gravity of the present offense, the Defendant achieved numerous meritorious accomplishments during his career, above and beyond those mentioned above, that separated and distinguished him from many of his colleagues with the most positive of distinctions.

### 3. The Need for the Sentence Imposed

The recommended sentence of probation reflects the seriousness of the Defendant's offense, would provide just punishment based on the totality of the circumstances, and would promote not only the Defendant's respect for the law, but also the community at large. Similarly, the recommended sentence would afford adequate deterrence to criminal conduct, not only to the Defendant, but to other current law enforcement officers who sell firearms (as many do) but are ignorant to the applicable law.

Defendant has no criminal history whatsoever. The present incident represents a significant mark on the otherwise spotless record of a valued member of the community, let alone a decorated law enforcement officer. Notwithstanding the fact that it is difficult to fathom that the Defendant will commit future crimes, the recommended sentence nonetheless provides an assurance to the public that will be protected from further crimes of the Defendant.

### 4. Legal Availability of the Recommended Sentence

Defendant asks this Court to find his final offense level, after variances, to be a Level 6 with a Criminal History Category of 1. This places the offense in "Zone A" and authorizes a sentence of probation.

If, however, the Court believes that a punitive component of the sentence is warranted, beyond the collateral consequence of the Defendant

losing his job, foregoing a tremendous amount of his pension, and being labeled a virtual pariah and an outcast from his brethren, this Court can readily sentence the Defendant to a term of home confinement in combination with the term of probation.

Pursuant to U.S.S.G. §5C1.1(c)(3), the Court may sentence the Defendant to a term of probation "that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment." "Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment." §5F1.2. Thus, the recommended sentence is not only factually appropriate, but also legally permissible.

5. <u>The Need to Avoid Unwanted Disparities</u>

The facts of the instant case are somewhat unique. Although there have been other cases where police officers have sold firearms without a license, they are inapposite to the facts at bar insofar as the cases located by counsel involved false statements in firearms-related paperwork, and the knowing and intentional sale of firearms to prohibited possessors.

Thus, although this factor is one which the Court must consider in its analysis, it has minimal applicability and is not one upon which the Court should rely to any appreciable degree in determining the Defendant's ultimate sentence.

6. <u>Justification For A Variance</u>

Justification for a variance is noted in ¶ 86 of the PSR where it is stated that "[t]he Court may depart downward based on the timely disposition of the case resulting in a cost savings to the government and the court". As the Court is aware, this case resolved on a pre-indictment basis. By virtue of his

4

participation and cooperation in meetings with the Government, the agents, and counsel, the Defendant made substantial efforts to accept responsibility in an extremely timely fashion that conserved substantial resources of all parties.

Although it is difficult to rationally comprehend how a "model" law enforcement officer could rationally engage in the conduct to which the Defendant has plead guilty, it is reasonable to surmise that the factors set forth in ¶¶ 52 through 55 of the PSR may provide some insight. Indeed, the recommended sentence will allow the Defendant to participate in counseling, as directed, to address these issues and also give the Defendant a more subtle perspective as to the facts and factors that brought him before the Court.

Lastly, the statement in the PSR (at ¶ 88) that "[t]he instant offense appears to represent poor decision making on behalf of the defendant, who otherwise appears to be a law-abiding, contributing member of society" is extremely well taken. While the duration of the Defendant's conduct giving rise to the Information was of sufficient duration to preclude him from receiving a downward departure for aberrant behavior, see *United States v. Colace*, 126 F.3d 1229, 1231 (9th Cir. 1997), there can be little doubt that the very nature of the Defendant's conduct in this case was aberrant when compared to the totality of his life accomplishments.

**RECOMMENDATION**

Aside from its consistency with the mechanical formula of being a sentence that is sufficient but not greater than necessary, a sentence of probation is warranted given the regulatory nature of the Defendant's criminal conduct, the fact that his conduct does not represent an act of moral turpitude,

and most importantly, the totality of the Defendant's history, exclusive of the offense conduct.

Defendant clearly has no one to blame but himself for his current predicament. He has lost his career in law enforcement, and law enforcement has lost a valuable asset – leaving many shaking their heads at the futility of the situation. A sentence of probation still leaves the Defendant with an ostensible Scarlet Letter for the rest of his life. The prospects of his committing crimes or the public needing protection from someone who was once its protector are esoteric at best.

As the Court is well aware, good people sometimes do dumb things. This is one of those unfortunate cases.

Respectfully submitted this 13th day of December, 2018.

/s/ Jason D. Lamm<br>
Jason D. Lamm<br>
Attorney for Defendant Gill

**CERTIFICATE OF SERVICE**

I certify that on this date, I electronically transmitted the attached document, by electronic mail, on the following, who may or may not be registered participants of the CM/ECF System:

Phillip N. Smith, Jr.
Assistant US Attorney
Phillip.Smith@usdoj.gov

Shanelle Peevy
Probation Officer
U.S. Probation Office
Shanelle_Peevy@azd.uscourts.gov

/s/ Jason D. Lamm
Jason D. Lamm
Attorney for Defendant Gill